Nov. Term,
1834.

ABEL
v.
BURGETT.

**ABEL v. BURGETT.**

The filing of additional pleas in the Circuit Court on appeal, if no objection was there made to them, cannot be assigned for error.

Debt on a sealed note for 100 dollars. Plea, that the note was given for a horse fraudulently represented as sound, but which was unsound and worth nothing. The only proof, as to the consideration of the note, was, that it had been given, together with 50 dollars, for a horse. The Court instructed the jury, that if the 50 dollars had been paid, and the horse was worth no more, they might consider the whole consideration of the note to have failed. *Held*, that the instruction was erroneous.

*Wednesday, December 17.*

APPEAL from the *Jackson* Circuit Court.

M'KINNEY, J.—Action of debt on a writing obligatory for 100 dollars before a justice of the peace. Judgment for the plaintiff.

On appeal to the Circuit Court, the defendant, without any objection appearing to be made, filed two special pleas:—1. That the consideration of the note was the sale and delivery by the plaintiff to the defendant of a horse, and that the plaintiff at the time of the sale, falsely and fraudulently represented to the defendant that the said horse was sound, &c. The defendant, by averment, negatives the representation of the plaintiff, and says the horse was and has been wholly useless and of no value whatever. 2. That the note declared on was given and executed, in consideration of the sale by the plaintiff to the defendant of a horse, which the plaintiff then falsely and fraudulently represented to be sound, &c. The defendant avers that the plaintiff, by his promises, undertaking, and warranty, induced him to purchase and to execute the said note. He avers the said horse was unsound and diseased, negatives the representation of the plaintiff, and further says the horse was useless and of no value whatever. Issues upon these pleas were submitted to a jury, and a verdict rendered for the defendant. A motion for a new trial, founded on instructions given by the Court, was overruled, and judgment entered on the verdict.

The plaintiff below has appealed to this Court, and assigns two errors:—1. The Court erred in permitting the defendant to file pleas in that Court. 2. The Court erred in their instructions to the jury, as requested by the defendant.

Nov. Term,
1834.

ABEL
v.
BURGETT.

No objection having been made to the defendant's filing pleas in the Circuit Court, it is too late now to urge that in permitting it error was committed. The pleas may have been filed by consent, a presumption rather to be indulged than that of error by the Court. The objection seems to be untenable (1).

It appears, that it was proved that the consideration given by the defendant for the horse mentioned in the pleas, was a horse valued at 50 dollars and the writing obligatory sued on for 100 dollars; and that this was all the testimony as to the consideration. . It further appears from a bill of exceptions, that, on motion of the defendant, the Court instructed the jury, "That if they found that 50 dollars had been paid for the horse mentioned in the pleas, and that said horse was not worth more than was paid for him, they could not shut their eyes upon that fact, and had a right to take it into consideration, and say that the whole consideration for the writing obligatory had failed."

The pleas ground the defence on a failure of the consideration of the note sued on, through a fraudulent representation by the plaintiff of the soundness, &c. of the horse he sold (2). It does not appear, that evidence was offered to the jury establishing the fact that such fraudulent representation had been made. This was essential to maintain the pleas as a valid defence, and it was only from such proof that the jury could have come to the conclusion that the consideration of the note had failed. If, as appears from the record, the evidence we have noticed was all that was given as to the consideration, and none was given of the fraudulent representation of the soundness of the horse, it is very clear that the pleas were not sustained, and therefore no legal defence shown to preclude the plaintiff from recovering. The instruction given by the Court covers only a part of the defence; and although it may be supposed that the instruction was based upon evidence of fraud submitted to the jury, connected with that of the consideration, yet, upon much reflection, we are satisfied that we cannot presume, in support of the instruction, that such evidence was before the jury, and, consequently, we must view the instruction as unconnected with that evidence.

When the instruction is thus considered unconnected with other evidence, the question before us is brought within a very narrow compass. The instruction whether considered as applicable to the pleas, or as presenting a general proposition, was

Nov. Term,
1834.

certainly incorrect, for it founds the failure of the consideration of the note upon a supposed inadequacy of the price. This question was not before the Court, and, even in chancery, the inadequacy must be such as shocks the conscience and amounts to conclusive and decisive evidence of fraud, to avoid a contract.

*Per Curiam.*—The judgment is reversed, and the verdict set aside, with costs. Cause remanded, &c.

J. H. *Thompson* and O. H. *Smith*, for the appellant.

C. *Dewey*, for the appellee.

(1) Accord. *Tyler* v. *Denson*, ante, p. 347.

(2) Vide *Wynn et al.* v. *Hiday*, Vol. 2, of these Rep. 123, and note.—*Phillips et al.* v. *Bradbury et al.* ante, p. 388. The consideration of a bond could not be inquired into at common law; and payment of the bond could be therefore enforced, though the consideration was fraudulent. *Huston* v. *Williams*, ante, p. 170. The statute opens the way for an inquiry into the consideration. R. C. 1831, p. 405.